PER CURIAM.
These consolidated appeals are brought by Club on the Bay, Inc. from (1) a summary final judgment declaring the title to certain property, the Island View property, quieted and adjudging Club on the Bay to have no interest, right, title or lien on the property, and (2) an order awarding attorney’s fees to the City of Miami Beach.
The trial court’s final judgment and order assessing attorney’s fees read, in pertinent part, as follows:
FINAL JUDGMENT
This is an action by Club On The Bay, Inc. against the City of Miami Beach for declaratory and other relief.
The action was initially filed by Club On The Bay, Inc. and the two principals of that corporation, Harry Singer and Arthur Schifrin, against the City of Miami Beach, the Mayor, the City Commissioners and the City Manager.
The claims on behalf of the individual Plaintiffs, Mr. Singer and Mr. Schifrin, as well as all of the claims against the individual defendants, were withdrawn and this case proceeded on the Complaint of Club On The Bay, Inc. and the Counterclaim of the City of Miami Beach, seeking to declare that the Club On The Bay, Inc. had no further estate, right, title or interest in the real property owned by the City of Miami Beach which is the subject of this action.
In due course this cause came before the Court for hearing on the Motion for Summary Judgment filed by the City of Miami *326 Beach, seeking entry of summary judgment against Club on the Bay, Inc. on the Complaint and in favor of the City of Miami Beach on the Counterclaim.
After examining the record herein, the Court finds that the following material facts are not in dispute:
1. The City of Miami Beach owned certain property known as the Island View property which it sought to develop for recreational purposes. To this end the City solicited bids from persons interested in developing the property for recreational purposes.
2. The Club On The Bay, Inc. was the successful bidder and the City Council passed a resolution authorizing the City to enter into a lease with Club On The Bay, Inc. •
3. After extensive negotiations, intervening lawsuits and other matters had transpired the parties ultimately entered into the lease on July 30, 1979 between the City of Miami Beach, as lessor, and Club On The Bay, Inc., as lessee.
4. The written lease required the property be used by Club On The Bay, Inc. as “a recreational facility including therein restaurant, bar, discotheque facilities, tennis, handball, swimming and a marina.” This facility was to be constructed by Club On The Bay, Inc. in accordance with certain architectural renderings and plans that had been submitted by Club On The Bay, Inc. The plans contemplated a clubhouse facility of some 40,000 sq. feet with shops and ship stores, ballrooms and attendant facilities such as discotheques, card rooms, health club, saunas, 90 boat slips and 6 tennis courts.
5. The lease further provided that Club On The Bay, Inc. could not substantially deviate from the plans and could not use the property for any other purpose without the written consent of the City. The lease also provided that time was of the essence and required that construction commence not later than twelve (12) months after the date of the lease and the project be completed on February 1, 1982.
6. The lease finally contained the standard provision that it was the entire contract between the parties and could not be altered, changed or modified except by instrument of equal dignity.
7. After executing the lease in July, 1979, Club On The Bay, Inc. did not go forward with the construction and development of the proposed recreational facility in accordance with the architectural renderings and plans as originally submitted by Club On The Bay, Inc. Instead, in April, 1980, several months after the lease had been executed, Club On The Bay, Inc. submitted to the City a proposed Amendment to the lease so. that the property could be utilized for a high-rise rental project.
8. Club On The Bay, Inc. requested that the City consider this Amendment and requested an additional ninety (90) day period for doing so. At a public hearing on May 7, 1980, the City Commission voted to extend the time within which Club On The Bay, Inc. had to commence performance by a period of ninety (90) days. Thereafter, in due course, the proposed Amendment was submitted to the City Council and at a public hearing in September, 1980, the City Commission voted to reject the request that the lease be amended so that the property could be used for a high-rise rental project.
9. After the Club On The Bay’s proposed Amendment was rejected, Club On The Bay, Inc. did not go forward with the construction and development of the recreational facility in accordance with the original architectural drawings or plans. Instead, in October, Club On The Bay, Inc. submitted a revised set of architectural plans to the City and requested a conditional use approval to construct the recreational facility on the property and requested permission to deviate from the original plans.
10. These requests were submitted to the Commission and at a public hearing in November, 1980, the City approved the conditional use to construct the recreational facility. The City, however, denied the Club’s request to deviate from the original plans because the plans submitted in October, 1980 were for a facility approximately *327 one-fourth (¼) the size of the required facility in that it only had 11,000 sq. feet of building. Additionally there were no shops or ship stores, no ballroom, no discotheque, no card rooms, no health clubs, no saunas, and only 23 boat slips and 3 tennis courts.
11. Thereafter, Club On The Bay, Inc. did not go forward with the project and after the time for doing so expired, Club On The Bay, Inc. filed this action.
CONCLUSIONS OF LAW
The rules of law that govern municipal corporations and those who deal with municipal corporations are well settled.
Municipal corporations must comply with charter provisions in selling, leasing or operating public property and municipal officials may only act in accordance with the duties as defined in the applicable city charter.
Under Section 6 of the Charter of the City of Miami Beach, the City is empowered to sell, lease and operate public property, however, the City may only do so through legal instruments in writing. Further, there are limitations on the powers of the mayor and the city commissioners and under Section 8 of the City Code the Mayor may only execute legal instruments in writing when authorized to do so by ordinance or resolution by the City Commission.
Entrepreneurs who do business with or contract with a municipality must at their peril inquire as to the power of the municipality and its officers to make contracts and they are bound to ascertain the nature and extent of the authority of any municipal agent. Entrepreneurs who deal with a municipality are required to know the limits of authority and. as a matter of law, estoppel is not usually available to such entrepreneurs.
Club On The Bay, Inc. did not perform under the lease and there was no duty on the part of the City to agree to modify or extend the lease, thus, Club On The Bay, Inc. has no rights under the lease since the time for performance has expired.
JUDGMENT
After full consideration, it is:
ORDERED AND ADJUDGED that the Motion for Summary Judgment filed by the Gity of Miami Beach be and the same hereby is granted whereupon, it is:
ORDERED AND ADJUDGED as follows:
1. Adjudged that Plaintiff, Club On The Bay, Inc. take nothing by this action and the Complaint be and it hereby is dismissed with prejudice and the Defendant, City of Miami Beach go hence without day and it is further:
2. Adjudged that title to the Island View property owned by the City of Miami Beach is hereby quieted and Club On The Bay, Inc. and all persons claiming by, through or under Club On The Bay, Inc. are adjudged to have no estate, right, title, lien or interest in and to the property or any part thereof and the City of Miami Beach is entitled to have sole and complete possession of the property, and it is finally
3. Ordered that City of Miami Beach shall be entitled to recover its costs of this action and a reasonable attorneys fees upon due motion, notice and hearing.
⅜; ⅜: # ⅜ ⅜: ⅜:
ORDER ASSESSING ATTORNEY’S FEES
Pursuant to due notice this cause came before the Court for hearing on the Motion to Assess Attorney’s Fees filed by The City of Miami Beach and the Court after having considered the services rendered on behalf of The City of Miami Beach in this case and the stipulation and argument of counsel, after due consideration, it is:
ORDERED that the City of Miami Beach do have and recover from Club On The Bay, Inc., the sum of $9,312.50 as a reasonable attorney’s fee incurred by The City of Miami Beach in connection with this action, for which sum let execution issue.
4s ⅜ ⅜⅞ # sf: ⅝:
Appellant urges reversal on the grounds that there remain material disputed questions of fact as to whether there actually *328 was any default under the terms of the lease, whether the City should be estopped or waived its rights to assert termination, and whether the City made performance impossible and thus excused any non-performance by Club On The Bay. Appellant also contends that the trial court erred in awarding attorney’s fees to the City.
We have carefully considered all of appellant’s contentions in the light of the record, briefs and arguments of counsel and have concluded that no reversible error has been demonstrated.
Accordingly, the judgment and order appealed are affirmed.
Affirmed.